Stewart, J.
All parties in the present case agree that there is only one question presented to us for our decision, i. e., is an appeal from the action of a board of county commissioners, to proceed with an improvement to construct a water supply system, by the owners of a substantial portion of the property to *257 be assessed for such improvement, which appeal is within 10 days after the passage of the resolution, in accordance with Section 6602-35, General Code, a valid appeal, or is it essential that such owners comply with the second paragraph of Section 6602-3c, General Code, by giving notice in writing of their intention to appeal from the action of the board, on or before the date of the passage of the improvement resolution.
As stated, it is conceded that no notice in writing of an intention to appeal, as provided in Section 6602-3c, was given.
In the majority opinion of the Court of Appeals, it is proclaimed that the provisions of Sections 6602-35 and 6602-3c are so inconsistent and lead to such absurd results that in order to reconcile them the court must substitute the word, “after,” for the word, “before,” in Section 6602-3c, and only by so doing can the provisions be made consistent or reasonable.
We agree that in the process of judicial interpretation of statutes a court must, if possible, so construe them that absurd and ridiculous results are avoided, and frequently the word, “may,” is interpreted to mean “shall” and vice versa. Assuredly, however, a court must diligently seek for a reasonable construction of a statute before it substitutes the word, “after,” for the word, “before.” We are of the opinion that the statutes involved in the present case can be reconciled without any such substitution.
The only three matters as to which the action of the board may be reviewed on appeal are the necessity of the improvement, including the question whether the cost of the improvement will exceed its benefits, the boundaries of the assessment district, and' the tentative apportionment of the assessment.
Under Section 6602-18, the resolution of. necessity passed by the board must include all three matters. *258 After the resolution of necessity is passed, not less than 24 days notice must be given by publication and notice sent by mail to each owner of the property to be assessed, with information as to when and where objections, with reference to such three matters, will be heard by the board. After the public hearing, the board must receive written objections or endorsements for an additional period of five days, and only thereafter can the resolution to proceed with the improve - ment be passed.
Section 6602-19 gives the board authority to amend the plans for the improvement in the resolution to proceed, in reference to the three matters concerning which an appeal may be taken.
The foregoing provisions throw some light as to the reason the General Assembly provided not only that an appeal must be instituted within 10 days after the passage of the resolution to proceed with the improvement but also that a written notice of intention to appeal must be filed on or before the date of the passage of such resolution.'
After receiving the objections and endorsements of the property owners affected by the improvement, as outlined in the resolution of necessity, if notices of intention to appeal are filed with the board before the passage of the resolution to proceed, it is quite conceivable that in such resolution the plans as outlined in the resolution of necessity will be so amended as to conform with the ideas of the proposed appellants or that the board will be induced not to proceed at all. At any rate, the General Assembly has provided that in order for an appeal to be perfected within 10 days after the passage of the resolution to proceed with the improvement, there must be filed, on or before the date of the passage of the improvement resolution, a written notice of an intention to appeal.
Since the General Assembly has provided the me *259 chanics to perfect appeals from administrative boards to the courts, and since the court’s function is to abide by the enactments of the legislative branch of the government, so far as they do not impinge upon constitutional provisions, the wisdom of the legislative enactments is solely a question for the legislative branch.
Since it is conceded that the owners in the present case did not file a written notice of intention to appeal from the action of the board, on or before the date of the passage of the resolution to proceed with the improvement, and since the filing of such notice of intention is a necessary part of the mechanics of effecting an appeal, it follows that the judgment of the Court of Appeals must be reversed and that of the Probate Court affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Zimmerman, J J., concur.